Mr. Justice Hagner
delivered the opinion of the Court:
The right of the petitioners to institute this proceeding is asserted in their quality of creditors of Thomas Pitchlynn, as-evidenced by the recitals in the power of attorney.
But the estate they are endeavoring to reach is that of Peter' Pitchlynn; and of that person or his estate they were never creditors. The creditor of an alleged distributee has no right as such to apply for letters of administration upon the personal estate of the ancestor, or to intervene in such a proceeding. The assets of deceased persons are not held as subjects of speculation, to be intrusted to those who may be most vigilant in making application. His personal representatives first, and afterwards his creditors, are entitled to that trust; and it is only in their absence that others can be allowed to interfere.
The petitioners also claim as attorneys in fact of Thomas Pitchlynn under the power of attorney. But that instrument constitutes Morrison and Hildebrant, under that firm’s name, his attorneys, “for me and in my name, place and stead, to^ prosecute all actions” respecting the estate of Peter Pitchlynn. If this application can be considered as an “action” within the meaning of the power, it should have been instituted in the name of Thomas Pitchlynn, and not in the name of the attorneys, as was done in this case.
But apart from these difficulties., we are satisfied, upon the whole case, that the petitioners have not sustained their contention that the widow has received property which can properly be considered assets of Peter Pitchlynn in this jurisdiction; and that the judgment of the court below was correct, and it is accordingly affirmed.